UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

In re:
**Jeffrey N. Pare & Laura A. Moreschi**

Soc.Sec.No.: xxx-xx-7341 & xxx-xx-8781
Mailing Address:   2500 Clerestory Place, Raleigh, NC 27615

Debtors.

Case No.  10-02303-8-JRL
Chapter   7

## OPPOSITION TO MOTION TO DISMISS CHAPTER 7 PROCEEDING PURSUANT TO 11 U.S.C. § 707(b)(3)

**NOW COME** the Debtors, Jeffrey N. Pare and Laura A Moreschi, by and through counsel undersigned, who hereby move this court to deny the Bankruptcy Administrator's Motion for Dismissal of Case Pursuant to Section 707(b)(3), on the grounds of bad faith and/or totality of the circumstances of the Debtors' financial situation, and in support thereof, respectfully show unto the Court the following:

1. The Debtors , Jeffrey N. Pare and Laura A. Moreschi, (hereinafter, "the Debtors"), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on March 24, 2010. The Debtors' Section 341 Meeting of Creditors was held on April 22, 2010.

2. The Bankruptcy Administrator alleges that the male Debtor has understated his income by failing to prorate a pre-petition performance pay bonus.  The Bankruptcy Administrator alleges that if this performance bonus was prorated over twelve months, the Debtors Schedule I income would be $8,711.00 per month.

3. The performance pay bonus at issue was an incentive previously offered to the male Debtor by his employer, Talecris Biotherapeutics.   There is no guarantee that the Debtor will receive any bonus for work performed in 2010.   Further, Talecris Biotherapeutics was recently sold to a third party, and the new owner has no plans to continue the bonus pay program.

4.  Because the Debtor is not certain to receive bonus pay for work performed in 2010, the bonus received for work performed in 2009 should not be included in the Debtor's Schedule I income.

5. The Bankruptcy Adminstrator objects to the Schedule J deduction of $508.00 per month for preschool tuition because this expense is compensated from a flex spending account deduction reflected on Schedule I.   The Debtors have amended their petition to correctly state the childcare expense of $91.13.   This number reflects the monthly childcare expense minus the monthly flex spending account deduction.

6. The Bankruptcy Administrator objects to the following Schedule J expenses: $100.00 for home maintenance, $1,000.00 for food, $200.00 for clothing, $200.00 for recreation,

and $200.00 for emergencies/miscellaneous.

7.      The Debtors have amended their petition to reflect the following lower monthly expenses: $74.00 for home maintenance, $800.00 for food, $114.03 for clothing, and $50.00 for food.  These expenses are reasonable for a household of two adults and three dependent children.  The debtor's household expenses are $344.97 less than the IRS Collection Standards for a household of five.

8.      The Debtors disagree with the Bankruptcy Administrator's contention that they have an ability to pay a dividend to their unsecured creditors.  The Debtors should not be forced to construct a budget based on the uncertain possibility of future performance pay.

9.      For these reasons, the Debtors object to the Bankruptcy Administrator's motion to dismiss this case pursuant to 11 U.S.C. 707(b)(3) as it is not an abusive case based on the totality of the circumstances nor was it filed in bad faith.

**WHEREFORE**, the Debtors respectfully request:

A.      That this Court dismiss the Bankruptcy Administrator's Motion for Dismissal of Case Pursuant to Section 707(b)(3)

B.      That the Court grant such other and further relief as this Court deems just and appropriate.

Dated: July 9, 2010.

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s/ John T. Orcutt
John T. Orcutt
6616-203 Six Forks Road
Raleigh, NC 27615
Tel. No.: (919) 847-9750

## CERTIFICATE OF SERVICE

I, Koury L. Hicks, of the Law Offices of John T. Orcutt, P.C., do hereby certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on 7/9/10, I served copies of the foregoing **Opposition to Motion to Confirm Chapter 13 Plan**, by electronic noticing, upon the following parties:

C. Scott Kirk
Staff Attorney
Bankruptcy Administrator

David M. Warren
Chapter 7 Trustee

and by regular U.S. Mail, upon the following parties:

Jeffrey N. Pare and
Laura A. Moreschi
2500 Clerestory Place
Raleigh, NC  27615


                                              /s/ Koury L. Hicks
                                              Koury L. Hicks